1  JOHN HENRY WRIGHT, ESQ.
   Nevada Bar No. 6182
2  CHRISTOPHER B. PHILLIPS, ESQ.
   Nevada Bar No. 14600
3  **THE WRIGHT LAW GROUP, P.C.**
   2340 Paseo Del Prado, Suite D-305
4  Las Vegas, Nevada 89102
   Telephone: (702) 405-0001
5  Facsimile:  (702) 405-8454
   Email: john@wrightlawgroupnv.com
6          chris@wrightlawgroupnv.com
   *Attorneys for Defendant*
7  *VEGAS PROPERTY SERVICES, INC.*

8

## UNITED STATES DISTRICT COURT

9

### DISTRICT OF NEVADA

10



| | |
|---|---|
| 11  FEDERAL NATIONAL MORTGAGE ASSOCIATION, | Case No. 2:17-cv-01798-APG-PAL |
| 12  Plaintiff, | **STIPULATION AND ORDER TO ALLOW DEFENDANT VEGAS PROPERTY SERVICES, INC. TO AMEND ANSWER AND COUNTER-CLAIM AGAINST PLAINTIFF, FEDERAL NATIONAL MORTGAGE ASSOCIATION** |
| 13  vs. | |
| 14  VEGAS PROPERTY SERVICES, INC., a Nevada corporation; OPULENCE CONDOMINIUM ASSOCIATION, a Nevada non-profit corporation, | |
| 15 | |
| 16 | **AND** |
| 17  Defendants. | **STIPULATION AND ORDER TO ALLOW PLAINTIFF FEDERAL NATIONAL MORTGAGE ASSOCIATION ADDITIONAL TIME TO RESPOND TO VEGAS PROPERTY SERVICES, INC.'S REQUEST FOR DISCOVERY PURSUANT TO FRCP 56(d) AND VEGAS PROPERTY SERVICES, INC'S OPPOSITION TO FEDERAL NATIONAL MORTGAGE ASSOCIATION'S COUNTER-MOTION FOR SUMMARY JUDGMENT** |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

24        Pursuant to LR 6-1, Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION and

25  Defendant VEGAS PROPERTY SERVICES, INC, by and through their respective counsel of

26  record, hereby agree and stipulate as follows:

27        IT IS HEREBY AGREED AND STIPULATED that Defendant VEGAS PROPERTY

28  SERVICES, LLC may amend second amended answer [ECF # 40] in order to add a counter-claim

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1  against Plaintiff, Federal National Mortgage Association.

2     Defendant's current counsel was retained after Defendant's original answer [ECF # 20]

3  was filed, and Defendant's prior counsel did not assert any such counter-claim. For the convenience

4  of the parties and witnesses, and in order to maximize judicial economy and avoid duplicative

5  litigation, the parties agree to allow Defendant to amend its answer and assert said counter-claim

6  against Federal National Mortgage Association. This request is made in good faith, and not for the

7  purposes of delay.

8     Defendant's proposed amended answer and counter-claim is attached hereto as *Exhibit A*.

9     IT IS FURTHER STIPULATED AND AGREED that Plaintiff Federal National Mortgage

10  Association shall have up to, and including, May 11, 2018 to file its response(s) to Vegas Property

11  Service, Inc.'s request for discovery pursuant to FRCP 56(d) [ECF # 49] and Vegas Property

12  Service, Inc.'s opposition to Federal National Mortgage Association's Countermotion for Summary

13  Judgment [ECF #50]. This request is made in good faith, and not for the purposes of delay.

14     IT IS FURTHER STIPULATED AND AGREED that this stipulation shall have no

15  preclusive effect on either dispositive motion currently pending in this matter, namely: Vegas

16  Property Service, Inc's Motion to Dismiss Federal National Mortgage Association's First Amended

17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1   Complaint [ECF # 36]; and Federal National Mortgage Association's Countermotion for Summary

2   Judgment [ECF # 41].

3

4   DATED this 19th day of April, 2018.          DATED this 19th day of April, 2018.

5   THE WRIGHT LAW GROUP, P.C.             WRIGHT, FINLAY & ZAK, LLP

6

7   */s/ John Henry Wright*                          */s/ Christina Miller*
    JOHN HENRY WRIGHT, ESQ.                  DANA JONATHON NITZ, ESQ.

8   Nevada Bar No. 6182                          Nevada Bar No. 0050
    CHRISTOPHER B. PHILLIPS, ESQ.           CHRISTINA V. MILLER, ESQ.

9   Nevada Bar No. 14600                         Nevada Bar No. 12448
    2340 Paseo Del Prado, Suite D-305          7785 W. Sahara Ave. Suite 200

10  Las Vegas, Nevada 89102                     Las Vegas, Nevada 89117
    *Attorneys for Defendant*                       *Attorneys for Plaintiffs,*

11  *VEGAS PROPERTY SERVICES, LLC*           *FEDERAL NATIONAL HOME LOAN*
                                                 *MORTGAGE ASSOCIATION*

12

13                                          **ORDER**

14  IT IS SO ORDERED.

15

16  _____
    UNITED STATES MAGISTRATE JUDGE

17
    DATED: ___May 3, 2018_____
18

19

20

21

22

23

24

25

26

27

28

1  JOHN HENRY WRIGHT, ESQ.
   Nevada Bar No. 6182
2  CHRISTOPHER B. PHILLIPS, ESQ.
   Nevada Bar No. 14600
3  **THE WRIGHT LAW GROUP, P.C.**
   2340 Paseo Del Prado, Suite D-305
4  Las Vegas, Nevada 89102
   Telephone: (702) 405-0001
5  Facsimile:  (702) 405-8454
   Email: john@wrightlawgroupnv.com
6         chris@wrightlawgroupnv.com
   *Attorneys for Defendant*
7  *VEGAS PROPERTY SERVICES, INC.*

8

9                    **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11  FEDERAL NATIONAL MORTGAGE          Case No. 2:17-cv-01798-APG-PAL
    ASSOCIATION,
12                                     **DEFENDANT VEGAS PROPERTY**
              Plaintiff,               **SERVICE, INC'S THIRD AMENDED**
13                                     **ANSWER, CROSS-CLAIM, and**
    vs.                                **COUNTER-CLAIM**
14
    VEGAS PROPERTY SERVICES, INC., a
15  Nevada corporation; OPULENCE
    CONDOMINIUM ASSOCIATION, a
16  Nevada non-profit corporation,

17            Defendants.
    _____
18  VEGAS PROPERTY SERVICES, INC., a
    Nevada corporation,
19
20            Cross-Claimant

21  vs.

22  GLADYS FUENTES, an Individual,

23            Cross-Defendant

24

25      COMES NOW Defendant VEGAS PROPERTY SERVICES, INC., ("Vegas") by and

26  through its attorney of record, JOHN HENRY WRIGHT, ESQ., of THE WRIGHT LAW GROUP,

27  P.C., and hereby submits its Third Amended Answer to Plaintiff FEDERAL NATIONAL

28  MORTGAGE ASSOCIATION'S Complaint [ECF # 1] filed on June 29, 2017 as follows:

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

                            Page 1 of  14

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1.      VEGAS admits the allegations contained in paragraphs 9, 11, 57, 123, and 133  of the Complaint.

2.      VEGAS denies the allegations contained in paragraphs 88, 89, 90, 99, 100, 101, 102, 103, 104, 116, 117, 118, 119, 125, 126, 127, 128, 134, 135, 136, 137, 143, 144, 145, 146, 148, 150, 151, 152, 153, 154, and 155  of the Complaint.

3.      VEGAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 91, 92, 93, 94, 95, 98, 107, 108, 109, 110, 111, 112, 113, 114, 115, 121, 122, 124, 130, 131, 132, 139, 140, 141, 142, and 149  of the Complaint.

4.      In answering paragraph 14 of the complaint, Vegas admits that it is a domestic business entity formed pursuant to and conducting business subject to the laws of the State of Nevada and that a substantial part of the events or omissions giving rise to the claims occurred in this District, but is without sufficient information or  knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore denies said allegations.

5.      In answering paragraph 96 of Plaintiff's complaint, Vegas denies the allegation that it "knew that Plaintiff would rely on the Mortgage Protection Clause contained in the recorded CC&Rs which are of public record, and knew that Plaintiff, or its predecessors, agents, servicers, or trustees, would not know that HOA was foreclosing on super-priority amounts because of the failure of HOA and HOA trustee to provide such notice" and is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore denies said allegations.

6.      In answering paragraph 97 of Plaintiff's complaint, Vegas denies the allegation that "defendant's knew that prospective bidders would be less likely to attend the HOA sale because the public at large believed that Plaintiff was protected under the Mortgage Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA and HOA

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1  Trustee improperly failed to provide such notice" and is without sufficient information or

2  knowledge to form a belief as to the truth or falsity of the remaining allegations contained therein

3  and therefore denies the remaining allegations.

4        7.      In answering paragraphs 106, 120, 129, 138, and 147 of the Complaint, VEGAS

5  reasserts each and every previous response to each repeated allegation.

6        8.      Each and every other allegation in the Complaint not specifically admitted or denied

7  herein is denied.

8        9.      Vegas offers no responses to paragraphs 41-56 and 107 as Plaintiff's complaint

9  omits paragraphs 41-56 and 105 without explanation.

10  **AFFIRMATIVE DEFENSES**

11  FIRST DEFENSE

12        Plaintiff's complaint, in whole or in part, fails to state a claim against Vegas for which

13  relief can be granted.

14  SECOND DEFENSE

15        At all material times, Vegas acted in good faith and exercised its lawful rights in dealing

16  with Plaintiff.

17  THIRD DEFENSE

18        Plaintiff's claims are barred by its own failure to deal in good faith and deal fairly with

19  Vegas.

20  FOURTH DEFENSE

21        Plaintiff is estopped from bringing this action.

22  FIFTH DEFENSE

23        Plaintiff has failed to satisfy conditions precedent to further performance of any legal

24  obligations of Vegas.

25  SIXTH DEFENSE

26        Plaintiff has failed to comply with appropriate state and federal laws.

27  SEVENTH DEFENSE

28        Plaintiff has failed to exhaust all administrative and contractual remedies before

1  commencing litigation.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## NINTH DEFENSE

Plaintiff has failed to join all parties necessary for just adjudication of the claims at issue in this action.

## TENTH DEFENSE

Plaintiff's claims are barred by reason of illegality.

## ELEVENTH DEFENSE

Plaintiff's damages, if any were caused by economic and other conditions that were beyond the control of Vegas.

## TWELFTH DEFENSE

Plaintiff's claims are barred in that it acquiesced in or consented to all actions taken by Vegas.

## THIRTEENTH DEFENSE

Any claim asserted by Plaintiff is barred by laches of Plaintiff in pursuing such claim.

## FOURTEENTH DEFENSE

Plaintiff has not and will not sustain any injury or damages as a result of Vegas's alleged acts and/or omissions.

## FIFTEENTH DEFENSE

Vegas alleges that under the factual circumstances set forth in Plaintiff's complaint, there was a modification of the provisions, duties, and obligations therein, and that modification is an absolute defense to any recovery of behalf of the Plaintiff against Vegas.

## SIXTEENTH DEFENSE

Plaintiff failed to disclose necessary information and Vegas relied on this omission.

## SEVENTEENTH DEFENSE

Plaintiff's alleged damages, if any, were directly caused by the negligence of Plaintiff or its agents.

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1                                                               <u>EIGHTEENTH DEFENSE</u>

2      Plaintiff failed to comply with a pre-existing duty.

3                                                     <u>NINETEENTH DEFENSE</u>

4      Vegas was authorized and privileged to do all acts alleged in Plaintiff's complaint.

5                                                  <u>TWENTIETH DEFENSE</u>

6      Plaintiff is barred from maintaining this action by virtue of its own unclean hands and

7 inequitable conduct.

8                                       <u>TWENTY-FIRST DEFENSE</u>

9      Plaintiff claims are barred by its own failure to deal fairly with Vegas.

10                                   <u>TWENTY-SECOND DEFENSE</u>

11      Plaintiff would by unjustly enriched if it was allowed to recover on its demands, or any

12 portion, thereof.

13                                   <u>TWENTY-THIRD DEFENSE</u>

14      Vegas is informed and believes, and thereon alleges, that Plaintiff's claims are barred, in

15 whole or in part, or its damages, if any, should be reduced because Plaintiff violated certain state

16 and federal laws.

17                                 <u>TWENTY-FOURTH DEFENSE</u>

18      By virtue of the acts, deed, conduct, and/or failure or omissions to act under circumstances,

19 Plaintiff has waived its rights, if any existed, to assert the claims against Vegas.

20                                  <u>TWENTY-FIFTH DEFENSE</u>

21      Plaintiff failed to comply with normal and accepted business practices.

22                                 <u>TWENTY-SIXTH DEFENSE</u>

23      Plaintiff has failed to demonstrate a likelihood of success on the merits and, as such, is not

24 entitled to injunctive relief.

25                               <u>TWENTY-SEVENTH DEFENSE</u>

26      Plaintiff has failed to demonstrate that it has been irreparably harmed by Defendant's

27 alleged conduct, and as such, is not entitled to injunctive relief.

28

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454



1                        <u>TWENTY-EIGHTH DEFENSE</u>

2     Vegas was a bona fide purchaser of the property at issue.

3                        <u>TWENTY-NINTH DEFENSE</u>

4     Vegas reserves the right to add or modify the affirmative defenses listed herein.

5                        <u>THIRTIETH DEFENSE</u>

6     Defendant hereby incorporates those the affirmative defenses enumerated in Rule 8 of the

7 Nevada Rules of Civil Procedure.

8                        **PRAYER FOR RELIEF**

9     Defendant Vegas requests judgment against Plaintiff as follows:

10     1.     That Plaintiff take nothing for its Complaint.

11     2.     For a declaration and determination that VEGAS PROPERTY SERVICES, INC

12              is the rightful owner of title to the Property, and that Plaintiff be declared to have

13              no right, title or interest in the Property.

14     3.     For an award of attorney's fees and costs of suit; and

15     4.     For any further relief that the Court may deem just and proper.

16     Dated this 19th day of April, 2018.

17                        THE WRIGHT LAW GROUP, PC

18

19                        */s/John Henry Wright*

20                        JOHN HENRY WRIGHT, ESQ.
                            Nevada Bar No. 6182

21                        CHRISTOPHER B. PHILLIPS, ESQ.
                            Nevada Bar No. 14600

22                        2340 Paseo Del Prado, Suite D-305
                            Las Vegas, Nevada   89102

23                        Telephone:  (702) 405-0001
                            Facsimile:   (702) 405-8454

24                        Attorneys for Defendant
                            VEGAS PROPERTY SERVICES, INC.

25

26

27

28

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

## VEGAS PROPERTY SERVICES, INC. CROSS-CLAIM AGAINST GLADYS FUENTES

COMES NOW, Cross-claimant VEGAS PROPERTY SERVICES, INC., ("Vegas") by and through its counsel of record, JOHN HENRY WRIGHT, ESQ., of the WRIGHT LAW GROUP, P.C., and for its CROSS-CLAIM, does hereby allege and aver as follows:

1.      Vegas  at all times relevant herein was and is a Nevada corporation in good standing.

2.      Upon information and belief, Cross-Defendant GLADYS FUENTES ("Fuentes")is an individual person, and at all times relevant herein was a citizen and resident of the State of Nevada and was the prior owner of **5415 W. Harmon Ave., No. 2114, Las Vegas, Nevada 89103; APN 163-24-714-098** (the "Property") who may claim an interest through a Grant, Bargain, Sale Deed recorded against the property on February 28, 2001 as Instrument No. 20010228-0002474.

3.      The Property was acquired by Vegas on March 26, 2015, by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.* ("Association foreclosure sale") and by paying the sum of $40,300.00.

4.      On or about April 10, 2015, the resulting trustee's deed upon sale was recorded in the Official Records of the Clark County Recorder as Instrument Number 20150410-0000347 ("Foreclosure Deed").

5.      Since the Association foreclosure sale, Counter-claimant has expended additional funds and resources in relation to the Property.

6.      Upon information and belief, the foreclosure sale was conducted by Assessment Management Services, as agent for the Opulence Condominium Association (the "Association") pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162-116.31168, the Association's governing documents (CC&R's) recorded as Instrument No. 941004.01252 and a Notice of Default and Election to Sell Under Homeowners Association Lien  recorded on April 7, 2014 as Instrument No. 20140407-0000230.

7.      As recited in the Foreclosure Deed, the Association foreclosure sale complied with all requirements of law, including but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1    Notice of Sale as required by Nevada Law.

2         8.       Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens

3    and encumbrances of unit except:

4         (a) Liens and encumbrances recorded before the recordation of the declaration and, in a

5         cooperative, liens and encumbrances which the association creates, assumes or takes

6         subject to;

7         (b) A first security interest on the unit recorded before the date on which the assessment

8         sought to be enforced became delinquent or, in a cooperative, the first security interest

9         encumbering only the unit's owner's interest and perfected before the date on which the

10        assessment sought to be enforced became delinquent; and

11        (c) Liens for real estate taxes and other governmental assessments or charges against the

12        unit or cooperative.

13        9.       NRS 116.3116(2) further provides that a portion of the Association Lien, up to a

14   maximum of nine months, has priority over even a first security interest [first deed of trust] in the

15   Property:

16        [the Association Lien] is also prior to all security interests described in paragraph (b) to the

17        extent of any charges incurred by the association on a unit pursuant to NRS 116.310312

18        and to the extent of the assessments for common expenses based on the periodic budget

19        adopted by the association pursuant to NRS 116.3115 which would have become due in

20        the absence of acceleration during the 9 months immediately preceding institution of an

21        action to enforce the lien[.]

22        10.      Upon information and belief, the Association took the necessary action to trigger

23   the super-priority portion of the Association Lien.

24        11.      Upon information and belief, no party still claiming an interest in the Property

25   recorded a lien or encumbrance prior to the declaration creating the Association.

26        12.      Upon information and belief, Vegas's bid on the Property was in excess of the

27   amount necessary to satisfy the costs of sale and the super-priority portion of the Association Lien.

28        13.      Upon information and belief, the Association or its agent, distributed or should have

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1    distributed the excess funds to lien holders in order of priority pursuant to NRS 116.3114©.

2       14.    Upon information and belief, Cross-defendant had actual or constructive notice of

3    the requirement to pay assessments to the Association and of the Association Lien.

4       15.    Upon information and belief, Cross-defendant had actual or constructive notice of

5    the Association's foreclosure proceedings.

6       16.    Upon information and belief, prior to the Association foreclosure sale, no individual

7    or entity paid the <u>full amount</u> of delinquent assessments described in the Notice of Default or

8    record or otherwise perfect any attempted partial tender thereof to provide any actual or

9    constructive notice of the lien dispute so as to cause or create a duty of inquiry as to Vegas.

10      17.    Upon information and belief, prior to the Association foreclosure sale, no notice

11   was provided that any individual or entity tendered or paid the entirety of the super priority portion

12   of the Association Lien  or as required under NRS §116.3116(2) representing 9 months of

13   assessments for common expenses based on the periodic budget adopted by the association which

14   would have become due in the absence of acceleration for the relevant time period.

15      18.    Pursuant to NRS 116.31166, the foreclosure sale vested title in Vegas "without

16   equity or right of redemption," and the Foreclosure Deed is conclusive against the Property's

17   "former owner, his or her heirs and assigns, and **all other persons**."

18      19.    Cross-defendant Feuntes's ownership interests in the Property were extinguished

19   by the foreclosure of the Association Lien.

20                          **FIRST CLAIM FOR RELIEF**
                          **(Declaratory Relief/Quiet Title Pursuant to**
21              **NRS 30.010, *et. seq*., NRS 40.10 & NRS 116.3116)**

22      20.    Vegas repeats and realleges the allegations of paragraphs 1-19 as though fully set

23   forth herein and incorporates the same by reference.

24      21.    Pursuant to NRS 30.010, *et. seq*. and NRS 40.010, this Court has the power and

25   authority to declare Vegas's rights and interests in the Property and to resolve the Cross-

26   defendant's adverse claims in the Property.

27      22.    Vegas is entitled to a declaratory judgment from this Court finding that: (1) Vegas

28   is the title owner of the Property; (2) the Foreclosure Deed is valid and enforceable; (3) the

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1  Association foreclosure sale extinguished Cross-defendant's ownership and security interests in

2  the Property; and (4) Vegas's rights and interest in the Property are superior to any adverse interest

3  claimed by Cross-defendant.

4        23.    Vegas seeks an order from the Court quieting title to the Property in favor of Vegas.

5        **WHEREFORE**, Cross-claimant prays this Honorable Court will award the following

6  RELIEF:

7        1.    For an Order Quieting title in favor of Vegas and for a declaration and

8  determination that VEGAS PROPERTY SERVICES, INC is the rightful owner of title to the

9  Property, and that Cross-defendant be declared to have no right, title or interest in the Property.

10        2.    For general and special damages in excess of $10,000.00

11        3.    For an award of attorney's fees and costs of suit; and

12        4.    For any further relief that the Court may deem just and proper.

13  Dated this 19th day of April, 2018.

14

15                  THE WRIGHT LAW GROUP, PC

16

                */s/John Henry Wright*

17                  JOHN HENRY WRIGHT, ESQ.
                Nevada Bar No. 6182

18                  CHRISTOPHER B. PHILLIPS, ESQ.
                Nevada Bar No. 14600

19                  2340 Paseo Del Prado, Suite D-305
                Las Vegas, Nevada   89102

20                  Attorneys for Defendant/Cross-claimant
                VEGAS PROPERTY SERVICES, INC.

21

22

23  **VEGAS PROPERTY SERVICES, INC. COUNTERCLAIM AGAINST PLAINTIFF**
             **FEDERAL NATIONAL MORTGAGE ASSOCIATION**

24

25        COMES NOW, Counter-claimant VEGAS PROPERTY SERVICES, INC., by and through

26  its counsel of record, JOHN HENRY WRIGHT, ESQ., of the WRIGHT LAW GROUP, P.C., and

      for its Counterclaim, does hereby allege and aver as follows:

27

28        1.    VEGAS PROPERTY SERVICES, INC, (hereinafter "VEGAS") at all times

      relevant herein was and is a Nevada corporation in good standing.

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1      2.      Upon information and belief, Counterclaim Defendant FEDERAL NATIONAL

2 MORTGAGE ASSOCIATION ("Fannie Mae"), is and/or was a government-sponsored enterprise

3 existing under the laws of the United States with its primary offices located in Washington, D.C.

4 Fannie Mae presently claims some interest in **5415 W. Harmon Ave., No. 2114, Las Vegas,**

5 **Nevada 89103; APN 163-24-714-098** (the "Property") through a deed of trust securing a loan

6 originated by Nevada Federal Credit Union on or around April 5, 2004, recorded at instrument No.

7 20040413-0002176 with the Clark County Recorder, State of Nevada. The Deed of Trust was

8 subsequently assigned to Fannie Mae in 2012 by an assignment of Deed of Trust recorded at

9 20120607-0000634 with the Clark County Recorder's Office.

10      3.      The Property was acquired by Vegas on March 26, 2015, by successfully bidding

11 on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.*

12 ("Association foreclosure sale") and by paying the sum of $40,300.00.

13      4.      On or about April 10, 2015, the resulting trustee's deed upon sale was recorded in

14 the Official Records of the Clark County Recorder as Instrument Number 20150410-0000347

15 ("Foreclosure Deed").

16      5.      Since the Association foreclosure sale, Counter-claimant has expended additional

17 funds and resources in relation to the Property.

18      6.      Upon information and belief, the foreclosure sale was conducted by Assessment

19 Management Services, as agent for the Opulence Condominium Association (the "Association")

20 pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162-116.31168,

21 the Association's governing documents (CC&R's) recorded as Instrument No. 941004.01252 and

22 a Notice of Default and Election to Sell Under Homeowners Association Lien recorded on April

23 7, 2014 as Instrument No. 20140407-0000230.

24      7.      As recited in the Foreclosure Deed, the Association foreclosure sale complied with

25 all requirements of law, including but not limited to, recording and mailing of copies of Notice of

26 Delinquent Assessments and Notice of Default, and the recording, posting and publication of the

27 Notice of Sale as required by Nevada Law.

28      8.      Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1   and encumbrances of unit except:

2       (a) Liens and encumbrances recorded before the recordation of the declaration and, in a

3       cooperative, liens and encumbrances which the association creates, assumes or takes

4       subject to;

5       (b) A first security interest on the unit recorded before the date on which the assessment

6       sought to be enforced became delinquent or, in a cooperative, the first security interest

7       encumbering only the unit's owner's interest and perfected before the date on which the

8       assessment sought to be enforced became delinquent; and

9       (c) Liens for real estate taxes and other governmental assessments or charges against the

10      unit or cooperative.

11      9.      NRS 116.3116(2) further provides that a portion of the Association Lien, up to a

12  maximum of nine months, has priority over even a first security interest [first deed of trust] in the

13  Property:

14      [the Association Lien] is also prior to all security interests described in paragraph (b) to the

15      extent of any charges incurred by the association on a unit pursuant to NRS 116.310312

16      and to the extent of the assessments for common expenses based on the periodic budget

17      adopted by the association pursuant to NRS 116.3115 which would have become due in

18      the absence of acceleration during the 9 months immediately preceding institution of an

19      action to enforce the lien[.]

20      10.     Upon information and belief, the Association took the necessary action to trigger

21  the super-priority portion of the Association Lien.

22      11.     Upon information and belief, no party still claiming an interest in the Property

23  recorded a lien or encumbrance prior to the declaration creating the Association.

24      12.     Upon information and belief, Vegas's bid on the Property was in excess of the

25  amount necessary to satisfy the costs of sale and the super-priority portion of the Association Lien.

26      13.     Upon information and belief, the Association or its agent, distributed or should have

27  distributed the excess funds to lien holders in order of priority pursuant to NRS 116.3114(c).

28      14.     Upon information and belief, Counter-defendant had actual or constructive notice

Page 12 of  14

1  of the requirement to pay assessments to the Association and of the Association Lien.

2      15.    Upon information and belief, Counter-defendant had actual or constructive notice

3  of the Association's foreclosure proceedings.

4      16.    Upon information and belief, prior to the Association foreclosure sale, no individual

5  or entity paid the <u>full amount</u> of delinquent assessments described in the Notice of Default or

6  record or otherwise perfect any attempted partial tender thereof to provide any actual or

7  constructive notice of the lien dispute so as to cause or create a duty of inquiry as to Vegas.

8      17.    Upon information and belief, prior to the Association foreclosure sale, no notice

9  was provided that any individual or entity tendered or paid the entirety of the super priority portion

10  of the Association Lien   or as required under NRS §116.3116(2) representing 9 months of

11  assessments for common expenses based on the periodic budget adopted by the association which

12  would have become due in the absence of acceleration for the relevant time period.

13      18.    Pursuant to NRS 116.31166, the foreclosure sale vested title in Vegas "without

14  equity or right of redemption," and the Foreclosure Deed is conclusive against the Property's

15  "former owner, his or her heirs and assigns, and **all other persons**."

16      19.    Counter-defendant's claimed interests in the Property were extinguished by the

17  foreclosure of the Association Lien.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief/Quiet Title Pursuant to**
**NRS 30.010, *et. seq*., NRS 40.10 & NRS 116.3116)**

20      20.    Vegas repeats and realleges the allegations of paragraphs 1-19 as though fully set

21  forth herein and incorporates the same by reference.

22      21.    Pursuant to NRS 30.010, *et. seq*. and NRS 40.010, this Court has the power and

23  authority to declare Vegas's rights and interests in the Property and to resolve the counter-

24  defendant's adverse claims in the Property.

25      22.    Vegas is entitled to a declaratory judgment from this Court finding that: (1) Vegas

26  is the title owner of the Property; (2) the Foreclosure Deed is valid and enforceable; (3) the

27  Association foreclosure sale extinguished Counter-defendant's ownership and security interests

28  in the Property; and (4) Vegas's rights and interest in the Property are superior to any adverse

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1  interest claimed by counter-defendant.

2      23.    Vegas seeks an order from the Court quieting title to the Property in favor of Vegas.

3      **WHEREFORE**, Counter-claimant prays this Honorable Court will award the following

4  RELIEF:

5      1.    For an Order Quieting title in favor of Vegas and for a declaration and

6            determination that VEGAS PROPERTY SERVICES, INC is the rightful owner of

7            title to the Property, and that Cross-defendant be declared to have no right, title or

8            interest in the Property.

9      2.    For general and special damages in excess of $10,000.00

10     3.    For an award of attorney's fees and costs of suit; and

11     4.    For any further relief that the Court may deem just and proper.

12  Dated this 19th day of April, 2018.

13

14                          THE WRIGHT LAW GROUP, PC

15

16                          _/s/John Henry Wright_
                            JOHN HENRY WRIGHT, ESQ.
17                          Nevada Bar No. 6182
                            CHRISTOPHER B. PHILLIPS, ESQ.
18                          Nevada Bar No. 14600
                            2340 Paseo Del Prado, Suite D-305
19                          Las Vegas, Nevada  89102
                            Attorneys for Defendant/Cross-claimant/Counter-
                            Claimant, VEGAS PROPERTY SERVICES, INC.
20

21

22

23

24

25

26

27

28

**THE WRIGHT LAW GROUP P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454