# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>VEGAS PROPERTY SERVICES, INC. and OPULENCE CONDOMINIUM ASSOCIATION,<br><br>Defendants | Case No.: 2:17-cv-01798-APG-PAL<br><br>**Order Granting Motion for Summary Judgment and Denying Motions to Dismiss and for Rule 56(d) Relief**<br><br>[ECF Nos. 36, 42, 49] |

This case revolves around whether a deed of trust still encumbers property located at 5415 West Harmon Avenue #2114, Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Federal National Mortgage Association (Fannie Mae) seeks a declaration that its deed of trust continues to encumber the property. Defendant Vegas Property Services, Inc. (Vegas) purchased the property at the HOA foreclosure sale.

The parties are familiar with the facts, so I will not repeat them here except where necessary. Vegas moves to dismiss, arguing Fannie Mae's equitable claims should be dismissed due to laches and unclean hands because Fannie Mae took no action before the HOA sale to pay off the superpriority amount or to stop the foreclosure sale. Alternatively, Vegas argues the transfer of the note to Fannie Mae is void because it is not in writing and is not recorded. Finally, Vegas contends that Fannie Mae consented to the foreclosure.

Fannie Mae opposes dismissal and moves for summary judgment in its favor. Fannie Mae asserts that it owned the note and deed of trust and was the beneficiary of record for the

deed of trust at the time of the HOA foreclosure sale. Fannie Mae contends that under the federal foreclosure bar in 12 U.S.C. § 4617(j)(3), the HOA foreclosure sale could not have extinguished its property interest. Fannie Mae asserts that it may have consented to an HOA's superpriority lien having priority over the deed of trust, but the federal foreclosure bar requires the Federal Housing Finance Agency (FHFA) to consent to Fannie Mae's lien being extinguished by foreclosure of the HOA's superpriority lien and FHFA has not done so. Fannie Mae argues neither laches nor unclean hands apply because it had no obligation to do anything, as the federal foreclosure bar preserves its property interests automatically by operation of law.

Vegas replies that Fannie Mae has not presented sufficient evidence to show it had a property interest at the time of the foreclosure sale. Vegas contends there is no writing showing the transfer of the note, so Fannie Mae cannot show compliance with the statute of frauds for the alleged 2004 transfer of ownership to Fannie Mae. Vegas also argues that because Fannie Mae did not record a transfer of the note in 2004, the transfer is void as to subsequent purchasers like Vegas. Vegas further contends that Fannie Mae never owned the note because it was placed in a trust for which Fannie Mae serves as trustee. Vegas also argues the federal foreclosure bar violates due process. Finally, Vegas asks for relief under Federal Rule of Civil Procedure 56(d), asserting it needs discovery to respond to the summary judgment motion.

Fannie Mae was the beneficiary of record under the deed of trust at the time of the HOA foreclosure sale and thus had a property interest that complied with the statute of frauds and Nevada's recording statutes. FHFA has not consented to Fannie Mae's property interests being extinguished by HOA foreclosure sales. Consequently, the federal foreclosure bar preserves Fannie Mae's interest and the HOA foreclosure sale did not extinguish the deed of trust. The federal foreclosure bar does not deprive Vegas of due process as a matter of law. And because

the federal foreclosure bar operates automatically, Fannie Mae had no obligation to pay off the superpriority lien or to try to stop the HOA foreclosure sale. Thus, there is no basis to apply unclean hands or laches. Finally, I deny the Rule 56(d) motion because further discovery would not change the outcome.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[] or sale without the consent of [FHFA]." The question of whether the federal foreclosure bar applies to preserve Fannie Mae's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada

law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's[1] interest in property without FHFA's affirmative consent. *Id.* at 927-31.

The parties dispute whether Fannie Mae owned the note, when it acquired its interest in the note, whether that interest was properly recorded, and the significance of the fact that the note was at one point placed into a trust. But none of these disputes matters in this case because it is undisputed that at the time of the HOA foreclosure sale, Fannie Mae was the beneficiary of record for the deed of trust. *See* ECF Nos. 32 at 6; 3 at 139-41; 50 at 18. A deed of trust is a security interest in the property. *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254 (Nev. 2012) (en banc); *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275, 1279 (Nev. 2011) (en banc). It is this interest in property that Fannie Mae seeks to preserve through this action. Whether Fannie Mae will be able to foreclose on the property at some later point in time is not before me, so the status of the note is irrelevant in this case. The only question here is whether the deed of trust was extinguished by the HOA foreclosure sale, and because Fannie Mae was the beneficiary of record for the deed of trust, the federal foreclosure bar precludes that interest from being extinguished without FHFA's consent. That interest was recorded in a signed writing prior to the HOA sale, so neither the statute of frauds nor Nevada's recording statutes changes the result. *See* Nev. Rev. Stat. §§ 111.205, 111.210, 111.315-.325. Further, Vegas's status as a bona fide purchaser is irrelevant because "Nevada's law on bona fide purchasers is preempted by the federal foreclosure bar." *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018).

---

[1] *Berezovsky* involved the Federal Home Loan Mortgage Corporation ("Freddie Mac") but there is no material difference between Freddie Mac and Fannie Mae for these purposes. Both were placed into conservatorship under FHFA, and the federal foreclosure bar prohibits the non-consensual foreclosure of FHFA's assets. *Berezovsky*, 869 F.3d at 925–27.

Vegas has not raised a genuine dispute whether FHFA consented to the HOA foreclosure sale extinguishing Fannie Mae's deed of trust. Vegas relies on statements by Fannie Mae, but the federal foreclosure bar requires FHFA's consent, not Fannie Mae's. Moreover, the federal foreclosure bar's "plain text . . . does not necessitate a decision by FHFA not to consent to a given foreclosure sale; rather, the bar on foreclosure sales lacking FHFA's consents applies by default." *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018). Thus, absent some affirmative action by FHFA consenting to a particular extinguishment, the federal foreclosure bar operates automatically to protect FHFA's assets. There is no evidence FHFA consented to this sale extinguishing the deed of trust.

Finally, I have previously rejected the due process argument Vegas raises. *Nationstar Mortg. LLC v. Tow Properties, LLC II*, No. 2:17-cv-01770-APG-VCF, 2018 WL 2014064, at *5-7 (D. Nev. Apr. 27, 2018). So has the Ninth Circuit. *Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1147-51. The federal foreclosure bar does not violate Vegas's due process rights as a matter of law.

In sum, no genuine dispute remains that the federal foreclosure bar applies to preserve Fannie Mae's recorded interest in the deed of trust. The HOA foreclosure sale did not extinguish it as a matter of law.

Vegas nevertheless argues that Fannie Mae should be precluded from asserting its equitable claims for quiet title because of laches and unclean hands. Specifically, Vegas contends Fannie Mae did nothing to protect its interests prior to the HOA sale and waited too long to bring suit after the sale.

Fannie Mae's quiet title claims against Vegas sound in equity because Fannie Mae seeks to resolve competing claims to interests in property. *See Shadow Wood HOA v. N.Y. Cmty.*

*Bancorp*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc) (stating that a person seeking to quiet title under Nevada Revised Statutes § 40.010 may invoke the court's equitable powers to resolve competing claims to title). Thus, equitable defenses such as laches and unclean hands may bar the claims.

"Laches is an equitable time limitation on a party's right to bring suit, . . . resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (quotations and internal citation omitted). The "laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Id.* Laches is an affirmative defense that "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002) (quotation omitted).

"The unclean hands doctrine generally bars a party from receiving equitable relief because of that party's own inequitable conduct." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (quotation omitted). The inequitable conduct must be connected to the subject matter or transaction at issue in the litigation and must be "unconscientious, unjust, or marked by the want of good faith." *Id.* (quotation omitted). To determine whether the unclean hands doctrine applies, I consider two factors: "(1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct." *Id.* at 767. The unclean hands doctrine will bar an equitable remedy "[o]nly when these factors weigh against granting the requested equitable relief." *Id.* I have "broad discretion in applying these factors," but my determination must be supported by "substantial evidence." *Id.*

The principles of laches and unclean hands do not bar Fannie Mae's quiet title claims because Vegas has not presented sufficient evidence that Fannie Mae sat on its rights or engaged in inequitable conduct. The limitation period for quiet title claims such as the ones Fannie Mae asserts is four years. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018); *In re Amerco Deriv. Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc). The HOA foreclosure sale took place on March 26, 2015, and the trustee's deed upon sale was recorded on April 10, 2015. ECF No. 3 at 152. Fannie Mae filed this suit on June 29, 2017, well within the four-year limitation period. Laches presumptively does not apply. And because Fannie Mae's interest was protected by operation of law under the federal foreclosure bar, its failure to take action before the HOA sale does not raise a genuine dispute about a lack of diligence or inequitable conduct.[2]

Finally, I deny Vegas's motion for relief under Rule 56(d). "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of "proffer[ing] sufficient facts to show that the evidence sought exists, . . . and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) (internal citation omitted). When confronted with a Rule 56(d) motion,

---

[2] The only other claim Fannie Mae asserts against Vegas is one for unjust enrichment. Fannie Mae has not moved for summary judgment on that claim. As for Vegas's motion to dismiss for unclean hands and laches, those are affirmative defenses that raise fact issues and so are not suitable for resolution on a motion to dismiss. *Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 17-CV-02808-APG-CWH, 2018 WL 3312969, at *2 (D. Nev. July 5, 2018). I therefore deny the motion to dismiss the unjust enrichment claim based on laches and unclean hands.

7

I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Vegas contends it needs to explore Fannie Mae's consent to the HOA having a superpriority lien over the deed of trust. But that would not change the result because the federal foreclosure bar requires FHFA consent and the federal foreclosure bar operates as a matter of law. Vegas also contends it would seek discovery on whether Fannie Mae owns the note and whether the note was moved into or out of a trust. Because Fannie Mae was the recorded beneficiary under the deed of trust at the time of the HOA sale, this information also would not change the result.

IT IS THEREFORE ORDERED that defendant Vegas Property Services, Inc.'s motion to dismiss **(ECF No. 36)** and motion for relief **(ECF No. 49) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Federal National Mortgage Association's motion for summary judgment **(ECF No. 42) is GRANTED**. The homeowners association's non-judicial foreclosure sale conducted on March 26, 2015 did not extinguish Federal National Mortgage Association's interest in the property located at 5415 West Harmon Avenue #2114, Las Vegas, Nevada, and thus the property is subject to the deed of trust.

DATED this 25th day of October, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE